LANCE MONROE MIDDLETON AND FRANCES J. MIDDLETON, PLAINTIFFS v. BESSIE D. MIDDLETON, DEFENDANT v. HERMAN CLAYTON MIDDLETON, THIRD-PARTY DEFENDANT

No. 8822SC1237

(Filed 17 April 1990)

Appeal and Error § 14 (NCI3d)— appeal dismissed as untimely —written motions following denial of oral motions—time for notice of appeal not tolled

Plaintiffs' appeal was dismissed as untimely in an action to recover monies due under an oral contract where plaintiffs

MIDDLETON v. MIDDLETON

[98 N.C. App. 217 (1990)]

made oral motions for judgment n.o.v. and a new trial in open court on 14 April 1988, which were denied; plaintiffs then made written motions for judgment n.o.v. and for a new trial on 22 April, which were denied on 6 June; and plaintiffs entered written notice of appeal within ten days of 6 June. Plaintiffs were not entitled to file written motions requesting relief previously denied and thereby toll the period for filing written notice of appeal. N. C. Rules of Appellate Procedure, Rule 3. N.C.G.S. § 1A-1, Rule 50.

**Am Jur 2d, Appeal and Error §§ 292 et seq.**

APPEAL by plaintiffs from judgment entered 21 April 1988 by *Judge Thomas W. Ross* in DAVIDSON County Superior Court. Heard in the Court of Appeals 24 July 1989.

Plaintiffs instituted this action to recover money allegedly due under an oral contract between plaintiffs and defendant. Plaintiffs are the brother and sister of defendant's ex-husband. Defendant filed a third party complaint alleging that if there was an oral contract between the parties, her ex-husband, H.C. Middleton, negotiated and executed the contract with plaintiffs. Defendant also alleged that, by virtue of her purchase of clear title to certain property under the terms of a separation agreement, she was no longer liable for the unsecured debt incurred during the marriage for the improvement of said property.

Plaintiffs allege that over the course of the spring, summer, and fall of 1984 they loaned defendant, who was then married to their brother, approximately $50,000.00 to start her own day-care center in Lexington, North Carolina. In order to do this, plaintiffs had to borrow $50,000.00 and were required to secure this loan by mortgaging the home of plaintiff Frances Middleton. Defendant allegedly agreed to reimburse plaintiffs according to the terms at which plaintiffs obtained the loan from the bank; however, no written agreement to this effect was executed and plaintiffs did not require that defendant provide security for her loan.

The day-care center opened for business in September 1984. In October 1984, defendant and H.C. Middleton separated. Defendant made two payments to plaintiffs — one in September 1984 and one in October 1984. In December 1984, defendant and H.C. Middleton executed a separation agreement whereby defendant purchased the day-care center and additional property from her husband for

MIDDLETON v. MIDDLETON

[98 N.C. App. 217 (1990)]

the sum of $125,000.00. Defendant never made another payment to plaintiffs.

The case was tried to a jury at the 11 April 1988 Civil Session of the Superior Court of Davidson County. The jury found: (i) that there was no oral contract between plaintiffs and defendant whereby defendant was obligated to repay any monies loaned and (ii) that plaintiffs did not deliver money to defendant under such circumstances that defendant should be required to repay plaintiffs that money. Accordingly, the trial court entered judgment for defendant. Plaintiffs moved for judgment notwithstanding the verdict and for a new trial. These motions were denied and plaintiffs appealed. The case was calendared for hearing in this Court on 12 May 1989. On account of the pendency of a bankruptcy proceeding by defendant, the case was continued to 24 July 1989.

*James E. Snyder, Jr. for plaintiff-appellants.*

*No brief filed for defendant-appellee.*

PARKER, Judge.

After review of the transcript and record on appeal, we conclude that this appeal was not timely filed. We, therefore, dismiss the appeal pursuant to Rule 3 of the N.C. Rules of Appellate Procedure. The transcript reveals the following dialogue between the trial judge and counsel at the conclusion of the trial, after the jury had returned its verdict:

THE COURT: . . . Any motions at the conclusion of the Verdict being recorded?

MR. SNYDER: At the conclusion of the Verdict, the Plaintiffs would make a motion to set aside the Verdict as being against the greater weight of the evidence.

THE COURT: Do you wish to be heard?

MR. SNYDER: No, sir.

THE COURT: Does the Defendant wish to be heard?

MR. GRAY: No, Your Honor.

THE COURT: Third Party Defendant wish to be heard?

MR. LEONARD: No, sir.

THE COURT: The Court would deny that motion.

MR. SNYDER: Further, Your Honor, the Plaintiffs would make a motion for a new trial for reasons of the—

THE COURT: The Court would deny that at this time. Do you wish to give Notice of Appeal?

MR. SNYDER: Not at this time.

THE COURT: Third Party Defendant wish to give Notice of Appeal?

MR. LEONARD: No, Your Honor.

The written judgment was signed and filed 21 April 1988. On 22 April 1988 counsel for plaintiffs filed a written motion for judgment notwithstanding the verdict and, alternatively, for a new trial. A hearing on the motions was held 6 June 1988 and the motions were again denied. Finally, on 13 June 1988 plaintiffs filed their written notice of appeal.

General Statute 1A-1, Rule 50 provides in pertinent part the following:

Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. In either case the motion shall be granted if it appears that the motion for directed verdict could properly have been granted. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative.

G.S. 1A-1, Rule 50(b)(1). Under Rule 3 of the N.C. Rules of Appellate Procedure, timely filing of a motion for judgment notwithstanding the verdict or for a new trial pursuant to G.S. 1A-1, Rule 50(b) and Rule 59 tolls the period for filing and serving written notice of appeal in civil actions. The full time for appeal commences to run and is to be computed from the entry of the order granting or denying the motions under Rule 50(b) or Rule 59. N.C. Rules App. Proc., Rule 3(c).

In the present case, plaintiffs entered their written notice of appeal within 10 days after the entry of the 6 June order denying their 22 April written motions for judgment notwithstanding the verdict and for a new trial. In our opinion, however, plaintiffs were not entitled to make these written motions or to a hearing on these motions because they had previously made oral motions for judgment notwithstanding the verdict and for a new trial in open court on 14 April 1988 and were afforded an opportunity to be heard which they declined. Their Rule 50(b) and Rule 59 motions having been denied in open court at that time, plaintiffs were not entitled to file written motions requesting the same relief and thereby toll the period for filing written notice of appeal. Since the 13 June 1988 written notice of appeal was not filed within 10 days of entry of judgment, which by the terms of the judgment was 14 April 1988, we dismiss the appeal as untimely.

Appeal dismissed.

Judges EAGLES and ORR concur.