LAUREN B. BATLLE f/k/a LAUREN B. SABATES, Plaintiff v. ARTURO SABATES, Defendant

No. COA08-860

(Filed 4 August 2009)

## 1. Appeal and Error— timeliness—Rule 59 and 60 motions— tolling of time

Defendant's motion to dismiss plaintiff's appeal as untimely was denied where plaintiff's complaint had been dismissed as a discovery sanction, plaintiff had filed motions for relief under N.C.G.S. § 1A-1, Rules 59 and 60, that motion was denied and plaintiff appealed, and defendant argued that plaintiff's motions were not sufficient and that they did not toll the time for noting an appeal. Plaintiff's Rule 59 motion essentially challenged the trial court's balancing of the equities in choosing a dismissal as a discovery sanction, which was a potentially valid basis for granting a motion to alter or amend a judgment pursuant to N.C.G.S. § 1A-1, Rule 59, so that her notice of appeal was timely.

## 2. Discovery— sanctions for delay—dismissal

The trial court did not abuse its discretion by dismissing plaintiff's complaint as a sanction for failing to make discovery in a timely fashion. A reasonable judge could conclude that the provision of discovery at a hearing, after an eight-month delay, did not suffice to preclude dismissal. The court was not required to find prejudice, and adequately considered lesser sanctions.

## 3. Rules of Civil Procedure— Rules 59 and 60—relief from discovery sanction

The trial court did not abuse its discretion by denying plaintiff's motion for relief from dismissal as a discovery sanction pursuant to N.C.G.S. § 1A-1, Rule 59 and 60 where the court had not abused its discretion initially by imposing the sanction.

## 4. Pleadings— Rule 11 sanctions—findings sufficient for appeal

The trial court's findings in imposing Rule 11 sanctions for filing motions for relief under N.C.G.S. § 1A-1, Rules 59 and 60 were sufficient for appeal.

Appeal by Plaintiff from orders entered 21 September 2007 and 11 December 2007 by Judge Christy T. Mann in Mecklenburg County District Court. Heard in the Court of Appeals 23 February 2009.

*Vann Law Firm, P.A., by Christopher M. Vann, for Plaintiff.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., and Irene P. King, for Defendant.*

ERVIN, Judge.

Lauren B. Batlle (Plaintiff) appeals from an order entered 21 September 2007 dismissing her amended complaint with prejudice and ordering her to pay attorneys' fees as a result of her failure to provide discovery in a timely manner. Plaintiff also appeals from an order entered 11 December 2007 denying Plaintiff's motions for relief from the 21 September 2007 order pursuant to N.C. Gen. Stat. § 1A-1, Rules 59 and 60; granting Defendant's motions to strike and for sanctions; and ordering Plaintiff to pay attorneys' fees. After consideration of Plaintiff's challenges to the validity of the 21 September 2007 and 11 December 2007 orders, we affirm the decisions of the trial court.

Plaintiff and Arturo Sabates (Defendant) were married on 7 February 1986. Plaintiff and Defendant had a son (the child), who was born on 15 June 1988. Plaintiff and Defendant separated on 5 February 1990 and subsequently entered into a Separation and Property Settlement Agreement.

According to the parties' separation agreement, Defendant was required to pay Plaintiff $2,800.00 per month in child support for twenty-four months and, thereafter, to pay Plaintiff no less than 17% of his gross monthly income for the same purpose. Defendant also agreed that his child support payments to Plaintiff would "at no time be less than Two Thousand Dollars ($2,000.00)" per month. The separation agreement also required Defendant to pay "reasonable and necessary medical, hospital, surgical, drug and dental expenses incurred for" the child "upon receipt of statements therefore."

On 4 April 2006, Plaintiff filed a complaint against Defendant. With leave of court, Plaintiff filed an amended complaint on 11 September 2006 in which she sought damages for Defendant's alleged breach of the separation agreement. On 25 September 2006, Defendant filed an answer, affirmative defenses and counterclaims in which he denied certain allegations in the amended complaint, denied liability to Plaintiff on the ground of antecedent material breach and certain other affirmative defenses (including an allegation that the child had attained the age of majority), and counterclaimed

against Plaintiff on the basis of an alleged breach of the separation agreement by Plaintiff and for overpayments allegedly made by Defendant to Plaintiff. On 19 October 2006, Plaintiff filed an amended reply in which she denied the material allegations of Defendant's counterclaims and asserted certain affirmative defenses.

On 31 October 2006, Defendant served interrogatories, a request for admissions, and a request for production of documents on Plaintiff. On 2 November 2006, Plaintiff sought and obtained an extension of time to answer Defendant's discovery requests until 2 January 2007. On 10 May 2007, counsel for Defendant communicated with counsel for Plaintiff for the purpose of noting that over four months had passed since Plaintiff's extension of time had expired, indicating that Defendant "anticipated receiving responses to all of the discovery served upon [Plaintiff] by the close of business on" 17 May 2007, and stating that, if no responses were received by that date, Defendant would "pursue the remedies available . . . for [Plaintiff's] failure to respond."

On 25 May 2007, Defendant filed a motion for sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 37 on the grounds that, "[a]s of this date, Plaintiff has filed no responses to any of Defendant's discovery requests." As a result, Defendant requested the court to "strike Plaintiff's pleadings, dismiss her suit with prejudice," "enter judgment on behalf of Defendant," and "award fees and expenses to Defendant." On 4 September 2007, the day upon which Defendant's motion for sanctions was scheduled for hearing, Plaintiff served responses to Defendant's discovery requests.

On 21 September 2007, the trial court entered an order sanctioning Plaintiff for failing to respond to Defendant's discovery requests in which the trial court found as a fact that:

9. Plaintiff failed to respond on January 2, 2007.

10. After January 2, 2007, Plaintiff failed to respond to the outstanding discovery requests and made no motion to the court for additional time to respond.

11. On May 10, 2007, Defendant's counsel sent a letter to Plaintiff through counsel reminding her that the discovery had been due for quite some time, and requested that Plaintiff serve her responses by the close of business on Thursday, May 17, 2007. The letter was served as a "good faith effort pursuant to Rule 37 of the North Carolina Rules of Civil [P]rocedure to resolve

the issue of outstanding discovery with [Plaintiff's counsel] prior to pursuing relief from the court."

12. Plaintiff ignored the deadline of May 17, 2007.

13. On [25 May 2007], Defendant filed and served on Plaintiff his motion pursuant to Rule 37 of the North Carolina Rules of Civil Procedure. On the same date, a Notice of Hearing was filed and served on counsel for Plaintiff, setting the hearing for September 4, 2007 at 10:00 a.m.

14. As of the filing of the Motion, Plaintiff had not responded in any fashion to the discovery requests served upon her in October 2006.

. . . .

17. As of the date of the hearing on September 4, 2007, Plaintiff had not served any responses to any of the discovery.

18. During Plaintiff's counsel's argument in court on September 4, he served Defendant's counsel with a written response to discovery and attached documentation. Counsel for Defendant did not have an opportunity to review the untimely written responses or documentation during the hearing and the Court makes no findings with respect to the sufficiency of the responses or documentation.

. . . .

20. Plaintiff had no legitimate excuse or justification for failing to respond to discovery Plaintiff had for ten (10) months prior to the hearing.

. . . .

22. The Court has considered lesser discovery sanctions, and dismissal of Plaintiff's lawsuit with prejudice is the only just and appropriate sanction in view of the totality of the circumstances of the case[.] . . .

23. Defendant made his motion in good faith, and after making efforts to resolve this discovery issue with Plaintiff through counsel.

Based on these findings of fact, the trial court concluded as a matter of law that:

2. The Court has considered lesser sanctions than dismissal of Plaintiff's lawsuit with prejudice. Lesser sanctions would be unjust and inappropriate in view of the totality of the circumstances of the case, which demonstrate the severity of the disobedience of Plaintiff in refusing to make discovery in a lawsuit she instituted, her unjustified noncompliance with the mandatory North Carolina Rules of Civil Procedure, and untimely response on the day of the hearing.

3. Rule 37(b)(2)(c) of the North Carolina Rules of Civil Procedure authorizes dismissal of an action with prejudice for failure to comply with responding to Defendant's discovery requests, and dismissal of Plaintiff's Amended Complaint and all claims thereto, with prejudice, is the appropriate sanction in this case.

As a result, the trial court dismissed Plaintiff's amended complaint with prejudice and awarded Defendant $4,000 in attorneys' fees and expenses.

On 5 October 2007, Plaintiff filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 59 to amend the judgment and a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) for relief from judgment or order. Plaintiff alleged in her motion that the order dismissing her complaint was "too severe" and unjustified "under the circumstances." Plaintiff contended that she was entitled to "relief from the judgment" due to insufficient evidence pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(7), and because the judgment was contrary to N.C. Gen. Stat. § 1A-1, Rule 59(a)(9). Plaintiff also contended that she was entitled to an amendment of the judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(e). Finally, Plaintiff alleged that "she [was] entitled to relief from judgment or [o]rder" pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b), on the grounds of "mistake, inadvertence, surprise or excusable neglect" and for "any other reason justifying relief from the operation of the judgment." Although Plaintiff admitted in her motion "that she did not produce the responses . . . in a timely fashion," she contended that "she never refused to respond to the discovery requests;" that the "fact that she prepared" draft responses was "indicative of her intent to respond;" and that the discovery requests were not "fair" and "were overly broad, called for documents and information outside the scope of the instant action," and "could only have been intended to harass the plaintiffs and delay the proceedings." As a result, Plaintiff contended that the trial court should have

BATLLE v. SABATES

[198 N.C. App. 407 (2009)]

considered the discovery produced at the hearing "to be in substantial compliance with the discovery requests, and allowed this case to proceed[.]"

An affidavit reiterating the contentions advanced in Plaintiff's motion and alleging that the discovery "requests were intended solely for the purpose of harassment and delay" and "included requests for information which was beyond the statutorily prescribed period of recovery" was attached to Plaintiff's motion. In this affidavit, Plaintiff also stated that she "was extremely busy at the time" that she received the discovery requests, "did not have access to [her] records because we had moved from our home," and "could not respond to the requests in a timely manner."

On 21 November 2007, Defendant filed a motion to strike Plaintiff's affidavit pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(f), because it was improperly verified; contained "incompetent conclusions not grounded in fact or truth;" attempted "to present arguments not made to the Court at the September 4, 2007 hearing;" and contained "insufficient defenses that fail to support her Rule 59/60 Motion." Defendant also claimed that he was "entitled to sanctions pursuant to Rule 11 against Plaintiff for her filing of a Motion[.]"

On 26 November 2007, the pending motions came on for hearing before the trial court. On 11 December 2007, the trial court entered an order finding that: (1) N.C. Gen. Stat. § 1A-1, Rule 59 "is inapplicable to this case"; (2) "[t]here are no grounds to grant Plaintiff relief . . . under N.C. R. Civ. P. 60(a), 60(b), or any subpart thereof"; (3) Plaintiff's motion "is not well-grounded in law or in fact"; (4) the "Affidavit of Plaintiff in Support of Motions" was not properly verified and was defective; and (5) Defendant was entitled to an award of attorneys' fees. As a result, the trial court denied Plaintiff's motions for relief under N.C. Gen. Stat. § 1A-1, Rules 59 and 60; struck Plaintiff's affidavit; and awarded attorneys' fees to Defendant.

On 16 January 2008, Plaintiff noted an appeal to this Court from: (1) the trial court's 21 September 2007 order dismissing Plaintiff's complaint with prejudice and awarding attorneys' fees and (2) the trial court's 11 December 2007 order denying Plaintiff's motions for relief under N.C. Gen. Stat. § 1A-1, Rules 59 and 60; striking Plaintiff's affidavit; and awarding attorneys' fees. On 10 December 2008, Defendant filed a motion to dismiss Plaintiff's appeal on the grounds that Plaintiff's motion pursuant to N.C. Gen. Stat. § 1A-1, Rules 59 and 60, was insufficient and did not, for that reason, suffice to toll the

thirty day period within which Plaintiff was entitled to note an appeal from the trial court's orders.

## I: Timeliness of Plaintiff's Appeal

**[1]** A party to a civil action must file and serve a notice of appeal "within 30 days after entry of judgment[.]" N.C.R. App. P. 3(c)(1). "Failure to give timely notice of appeal . . . is jurisdictional, and an untimely attempt to appeal must be dismissed." *Booth v. Utica Mutual Ins. Co.*, 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983).

> [I]f a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the 30-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order[.]

N.C.R. App. P. 3(c)(3); *see also Middleton v. Middleton*, 98 N.C. App. 217, 220, 390 S.E.2d 453, 454 (1990). As a result, the timeliness of Plaintiff's appeal from the 21 September 2007 order hinges upon whether Plaintiff's 5 October 2007 motion sufficiently invoked the provisions of N.C. Gen. Stat. § 1A-1, Rules 50(b), 52(b), or 59.[1]

In analyzing the sufficiency of a motion made pursuant to N.C. Gen. Stat. § 1A-1, Rule 59, one should keep in mind that a "failure to give the number of the rule under which a motion is made is not necessarily fatal, [if] the grounds for the motion and the relief sought [is] consistent with the Rules of Civil Procedure.' " *N.C. Alliance for Transp. Reform, Inc. v. N.C. Dep't of Transp.*, 183 N.C. App. 466, 469-70, 645 S.E.2d 105, 108 (2007), *dis. review denied*, 361 N.C. 569, 650 S.E.2d 812 (2007) (quoting *Gallbronner v. Mason*, 101 N.C. App. 362, 366, 399 S.E.2d 139, 141, *disc. review denied*, 329 N.C. 268, 407 S.E.2d 835 (1991)). As long as "the face of the motion reveal[s], and the Clerk and the parties clearly underst[and], the relief sought and the grounds asserted" and as long as an opponent is not prejudiced, a motion complies with the requirements of N.C. Gen. Stat. § 1A-1, Rule 7(b)(1). *In re Estate of English*, 83 N.C. App. 359, 363, 350 S.E.2d 379, 382 (1986). In other words, "to satisfy the requirements of Rule

---

1. No party to this proceeding has contended that a litigant is not entitled to seek relief from an order imposing sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 37(d), under N.C. Gen. Stat. § 1A-1, Rule 59, and we do not, for that reason, express an opinion on that issue here. However, we note in passing that the decision of this Court in *Smith v. Johnson*, 125 N.C. App. 603, 606, 481 S.E.2d 415, 417 (1997), *disc. review denied*, 346 N.C. 283, 487 S.E.2d 584 (1997), appears to assume that relief under N.C. Gen. Stat. § 1A-1, Rule 59, is, at least in theory, available to individuals who have been sanctioned for discovery violations.

7(b)(1)," the motion "must supply information revealing the basis of the motion." *Smith*, 125 N.C. App. at 606, 481 S.E.2d at 417. However, while a "request that the trial court reconsider its earlier decision granting the sanction" "may properly be treated as a Rule 59(e) motion," a motion made pursuant to N.C. Gen. Stat. § 1A-1, Rule 59, "cannot be used as a means to reargue matters already argued or to put forward arguments which were not made but could have been made." *Smith*, 125 N.C. App. at 606, 481 S.E.2d at 417 (1997). Thus, in order to properly address the issues raised by Defendant's dismissal motion, we must examine the allegations in Plaintiff's motion to ascertain whether Plaintiff stated a valid basis for seeking to obtain relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 59.

In her 5 October 2007 motion, Plaintiff alleged that:

> . . . she is entitled to . . . relief from the judgment based upon the following grounds:
>
> a. [P]ursuant to Rule 59(a)(7) insufficiency of the evidence to justify the verdict or that the verdict is contrary to law and Rule 59(a)(9). . . .
>
> c. The Plaintiff . . . also contends that she is entitled to an amendment of the judgment pursuant to Rule 59(e).
>
> d. In addition, the Plaintiff . . . believes that she is entitled to relief from judgment or [o]rder pursuant to Rule 60(b)(1), mistake, inadvertence, surprise or excusable neglect[.]
>
> In support of Plaintiff's . . . contentions that she is entitled to relief from this Court's Order, she respectfully shows as follows: . . .
>
> d. The [discovery] requests were extremely demanding and unreasonable in scope[,] and Plaintiff contends the sheer breadth of the requests made collecting the documents extremely difficult and the timely production impossible.
>
> Although the Plaintiff . . . admits that she did not produce the responses to Request for Production, Interrogatories and Request for Admissions in a timely fashion, she also contends that she never refused to respond to the discovery requests and [the] fact that she prepared draft[] [responses] to the Interrogatories[] [is] indicative of her intent to respond. Plaintiff considered the requests to not be fair, that they were overly broad, called for documents and information outside of the scope of the instant

action, and could only have been intended to harass [Plaintiff] and delay the proceedings. Further, the documents and responses were produced at the hearing on this matter and this Court should have considered said production to be in substantial compliance with the discovery requests, and allowed this case to proceed on the issue of whether . . . Defendant . . . breached his obligation for child support pursuant to the parties' Separation Agreement. The "death penalty" approach was too severe under the circumstances of this case and a lesser sanction would have been appropriate in this matter.

As stated at the hearing, the Defendant . . . has known about the Separation Agreement and the Plaintiff's . . . right to pursue his failure to provide income documents for a recalculation for child support purposes since 1992, and he has not been prejudiced by the Plaintiff's . . . delay in getting the discovery responses to him.

Her neglect in this matter was excusable and due to the nature of the issue in controversy, should not cause the dismissal of her case. . . .

Although Plaintiff submitted an affidavit in support of her motion, the trial court struck it on the grounds that it was "not properly verified." Plaintiff's affidavit stated, in pertinent part, that:

[Plaintiff believed] [t]he requests were intended solely for the purpose of harassment and delay. The discovery included requests for information which was beyond the statutorily prescribed period of recovery. I was extremely busy at the time, did not have access to my records because we had moved from our home, and therefore could not respond to the requests in a timely manner. I did, however, attempt to respond to the interrogatories, however, my attorney thought them incomplete and sent them back to me for revisions. . . . Mr. Sabates has not been prejudiced by my delay. This Honorable Court's Order, however, precludes me from seeking not only child support for the eleven month period that Mr. Sabates failed to make any support payments, but also for the underpayments for the time period of 10 years prior to the filing of my suit.

After careful consideration, we conclude that Plaintiff's motion was sufficient to toll the thirty day period for noting an appeal from the trial court's 21 September 2007 order set out in N.C.R. App. P. 3(c)(1).

"Rule 59(e) governs motions to alter or amend a judgment, and such motions are limited to the grounds listed in Rule 59(a)." *Alliance for Transp. Reform*, 183 N.C. App. at 469, 645 S.E.2d at 108 (2007).[2] According to Plaintiff, her motion represented a proper effort to obtain relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(7), which provides for granting relief from a judgment based on "[i]nsufficiency of the evidence to justify the verdict or that the verdict is contrary to law," and N.C. Gen. Stat. § 1A-1, Rule 59(a)(9), which provides for granting relief for "[a]ny other reason heretofore recognized as grounds for [a] new trial," including whether the judgment from which the moving party seeks relief was contrary to "the greater weight of the evidence." *Seaman v. McQueen*, 51 N.C. App. 500, 505, 277 S.E.2d 118, 121 (1981). As a result, N.C. Gen. Stat. § 1A-1, Rule 59(a), provides ample basis for a party to seek relief on the basis that the trial court misapprehended the relevant facts or on the basis that the trial court misapprehended or misapplied the applicable law.

In determining whether Plaintiff adequately challenged the sufficiency of the trial court's order granting Defendant's motion for sanctions, we must start by examining N.C. Gen. Stat. § 1A-1, Rule 37(d), which states, in pertinent part, that:

> If a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule.

According to N.C. Gen. Stat. § 1A-1, Rule 37(b)(2)c, one of the options available to a trial court for addressing violations of N.C. Gen. Stat. § 1A-1, Rule 37(d), is the entry of an order "dismissing the action or proceeding or any part thereof[.]" Thus, by virtue of its literal language, N.C. Gen. Stat. § 1A-1, Rule 37 "authorizes a trial judge to impose sanctions, including dismissal, upon a party for discovery violations." *Badillo v. Cunningham*, 177 N.C. App. 732, 734, 629 S.E.2d 909, 910 (2006), *aff'd*, 361 N.C. 112, 637 S.E.2d 538 (2006).

---

2. In her brief, Plaintiff essentially contends that her 5 October 2007 motion should be treated as a motion to alter or amend the 21 September 2007 order pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(e). We agree with Plaintiff's characterization of her motion and will treat it as such in this opinion.

According to well-established North Carolina law, "a broad discretion must be given to the trial judge with regard to sanctions." *Rose v. Isenhour Brick and Tile Co.*, 120 N.C. App. 235, 240, 461 S.E.2d 782, 786 (1995) (citations omitted) (internal quotations omitted), *aff'd*, 344 N.C. 153, 472 S.E.2d 774 (1996). A trial court does not abuse its discretion by imposing a severe sanction so long as that sanction is "among those expressly authorized by statute" and there is no "specific evidence of injustice." *Roane-Barker v. Southeastern Hospital Supply Corp.*, 99 N.C. App. 30, 37, 392 S.E.2d 663, 667 (1990), *disc. review denied*, 328 N.C. 93, 402 S.E.2d 418 (1991). However, before imposing a severe sanction such as dismissal, a trial judge must consider the appropriateness of less severe sanctions. *See Badillo*, 177 N.C. App. at 734, 629 S.E.2d at 911 (citing *Goss v. Battle*, 111 N.C. App. 173, 176-77, 432 S.E.2d 156, 158-59 (1993)).

Plaintiff's 5 October 2007 motion cited N.C. Gen. Stat. § 1A-1, Rules 59(a)(7) and (9), as a basis for affording the requested relief. *Compare Alliance for Transp. Reform, Inc. v. N.C. Dep't of Transp.*, 183 N.C. App. at 469, 645 S.E.2d at 108 (holding a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(e) to have been insufficient because it "did not make reference to any of the[] grounds of Rule 59(a);" "use any of the language from the rule which would tend to give notice of [the movant's] reliance on any of the foregoing grounds;" or "reveal[] the basis of the motion in terms of the 59(a) grounds") (quotation omitted). In her motion, Plaintiff essentially challenged the trial court's balancing of the equities, argued that Defendant was not prejudiced by her delay in providing discovery, and claimed that "a lesser sanction would have been appropriate in this matter." At an absolute minimum, this argument would, if valid, provide a recognized basis for challenging the validity of an order dismissing a complaint as a sanction for failing to provide discovery, since trial judges are required to give consideration to lesser sanctions before acting in that fashion. *Badillo*, 177 N.C. App. at 734, 629 S.E.2d at 911. Thus, even if the remainder of Plaintiff's motion constituted nothing more than a mere rearguing of information that had been previously presented to the trial court, her challenge to the sufficiency of the trial court's consideration of lesser sanctions[3] constitutes a valid basis for granting a motion to alter or amend a judgment pursuant to N.C. Gen.

---

3. As should be obvious, Plaintiff could not have advanced this argument prior to the entry of the 21 September 2007 order, since she had no way to know the exact language that the trial court would employ in ruling on Defendant's request for sanctions prior to that time.

Stat. § 1A-1, Rule 59(e), under N.C. Gen. Stat. § 1A-1, Rules 59(a)(7) and (9).[4]

As a result, we conclude that Plaintiff properly sought relief from the 21 September 2007 order pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(e), in her 5 October 2007 motion. For that reason, the thirty day period for noting an appeal from the 21 September 2007 order was tolled until thirty days after service upon Plaintiff of any order deciding her motion. N.C.R. App. P. 3(c)(3). Since Plaintiff filed her notice of appeal from the 21 September 2007 order within thirty days after the entry and service of the 11 December 2007 order, this Court has jurisdiction over Plaintiff's appellate challenges to both orders. Thus, Defendant's motion to dismiss Plaintiff's appeal from the 21 September 2007 order is denied.

## II:  Imposition of Sanctions Under Rule 37

**[2]** The next question we must address is whether the trial court properly dismissed Plaintiff's claims for relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 37(d). After a careful review of the record in light of the applicable law, we conclude that the trial court's order should be affirmed.

As we have already noted, a trial judge has the authority to enter an order "dismissing the action or proceeding or any part thereof, or rendering judgment by default against the disobedient party" as a sanction for failing to provide discovery. N.C. Gen. Stat. § 1A-1, Rule 37(b)(2)c. Furthermore, as we have also noted, the imposition of particular sanctions under Rule 37(d) is subject to the sound discretion of the trial judge. *Hammer v. Allison*, 20 N.C. App. 623, 202 S.E.2d 307, *cert. denied*, 285 N.C. 233, 204 S.E.2d 23 (1974); *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995) (stating that "[s]anctions under Rule 37 are within the sound discretion of the trial court"). However, "[i]mposition of sanctions that are directed to the outcome of the case, such as dismissals, default judgments, or preclusion orders, are reviewed on appeal from final judgment, and while the standard of review is often stated to be abuse of discretion, the most drastic penalties, dismissal or default,

---

4. The fact that Plaintiff alleged a valid ground for relief from the 21 September 2007 order in her 5 October 2007 motion does not, of course, mean that her argument is substantively valid. At this stage, our inquiry is limited to the issue of whether Plaintiff has adequately stated a potentially valid basis for an award of relief. The extent to which Plaintiff is actually entitled to relief on the basis of this claim or is subject to sanctions for advancing it are entirely different issues that will be addressed in more detail below.

are examined in the light of the general purpose of the Rules to encourage trial on the merits." *American Imports, Inc. v. G. E. Employees Western Region Federal Credit Union*, 37 N.C. App. 121, 124, 245 S.E.2d 798, 800 (1978) (quotation omitted); *but see Fayetteville Publ. Co. v. Advanced Internet Techs., Inc.*, 192 N.C. App. 419, 424, 665 S.E.2d 518, 522 (2008) (stating that "[t]his Court reviews the trial court's action in granting sanctions pursuant to Rule 37, including dismissal of claims, for abuse of discretion) (citing *Baker v. Charlotte Motor Speedway, Inc.*, 180 N.C. App. 296, 299, 636 S.E.2d 829, 831 (2006), *disc. review denied*, 361 N.C. 425, 648 S.E.2d 204 (2007)). As a result, we review Plaintiff's challenge to the 21 September 2007 order utilizing an abuse of discretion standard while remaining sensitive to the general preference for dispositions on the merits that lies at the base of our rules of civil procedure.

According to Plaintiff, the trial court abused its discretion by dismissing her complaint with prejudice because: (1) Plaintiff did, in fact, respond to Defendant's discovery requests; (2) Defendant was not prejudiced by the late filing of Plaintiff's responses; and (3) the trial court failed to adequately consider lesser sanctions before dismissing Plaintiff's complaint. We do not, after careful review of the record, believe that any of these contentions justifies an award of appellate relief.

Plaintiff's first challenge to the 21 September 2007 order hinges on a contention that the trial court erred by failing to consider Plaintiff's "belated responses" to Defendant's discovery requests in determining the "appropriate sanction[.]" According to N.C. Gen. Stat. § 1A-1, Rules 33(a), 34, and 36, Plaintiff had 30 days plus any additional period of time allowed by the court within which to respond to Defendant's discovery requests. Plaintiff served responses to Defendant's discovery requests on 4 September 2007, approximately ten months after Defendant first submitted his discovery requests to Plaintiff and eight months after the responses were required to be served.[5] Plaintiff has cited no authority tending to establish that the trial court abused its discretion by dismissing Plaintiff's complaint after such a lengthy, eight month delay because Plaintiff ultimately served responses upon Defendant, and we are

---

5. The court entered an order extending the time for Plaintiff to respond to Defendant's discovery requests. Instead of requiring Plaintiff to respond to Defendant's discovery requests by 30 November 2006, which was thirty days after Defendant's requests were served, the court "allowed [Plaintiff] through the 2 day of January, 200[7], within which to file her responses."

aware of none. Furthermore, given the length of Plaintiff's delay in responding to Defendant's discovery requests, a reasonable trial judge could well have concluded that the last minute provision of discovery on 4 September 2007 did not suffice to preclude dismissal. Thus, the fact that Plaintiff provided discovery at the last minute does not establish that the trial court abused its discretion by dismissing Plaintiff's complaint.

Furthermore, contrary to Plaintiff's argument, the trial court did, in fact, consider the late filing of Plaintiff's discovery responses in deciding what sanction, if any, to impose on Plaintiff. In the 21 September 2007 order, the trial court found:

> During Plaintiff's counsel's argument in court on September 4, he served Defendant's counsel with a written response to discovery and attached documentation. Counsel for Defendant did not have an opportunity to review the untimely written responses or documentation during the hearing and the Court makes no findings with respect to the sufficiency of the responses or documentation.

The fact that the trial court did not examine the "sufficiency of the responses" is not tantamount to a failure to consider the late service of Plaintiff's responses at all; instead, taken in context, the quoted language from the 21 September 2007 order simply indicates that the trial court had not evaluated the extent to which Plaintiff's responses were complete prior to sanctioning Plaintiff. In addition, the trial court stated that it viewed "the totality of the circumstances of the case" in determining the appropriate sanction to impose upon Plaintiff and noted Plaintiff's "untimely response on the day of the hearing" in describing the reasons that a lesser sanction than dismissal would not be appropriate. Thus, we conclude that the trial court did, in fact, consider the fact that responses to Defendant's discovery requests had been submitted on 4 September 2007 in deciding that Plaintiff should be sanctioned for failing to respond to Defendant's discovery requests in a timely manner.

Secondly, Plaintiff argues that the trial court erroneously dismissed Plaintiff's complaint with prejudice because Defendant was not prejudiced by her delay in responding to Defendant's discovery requests. Contrary to Plaintiff's argument, "Rule 37 does not require the [movant] to show that it was prejudiced by the [nonmovant's] actions in order to obtain sanctions." *Cheek v. Poole*, 121 N.C. App. 370, 375, 465 S.E.2d 561, 564, *cert. denied*, 343 N.C. 305, 471 S.E.2d 68

(1996); *see also Roane-Barker*, 99 N.C. App. at 37, 392 S.E.2d at 668 (stating that Rule 37 does not require the movant to show that it was prejudiced by the nonmovant's actions in order to obtain sanctions for abuse of discovery); *Clark v. Penland*, 146 N.C. App. 288, 291, 552 S.E.2d 243, 244 (2001) (stating that "Rule 37 does not require the [movant] to show that it was prejudiced by the [nonmovant's] actions in order to obtain sanctions for abuse of discovery"). Although the trial court could have appropriately considered the issue of prejudice in making a sanctions-related decision and appears to have done so in that part of its order detailing the expense incurred by Defendant in attempting to obtain the provision of discovery, it was not required to find prejudice as a precondition for dismissing Plaintiff's complaint. " 'A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.' " *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006), *aff'd in part on other grounds*, 360 N.C. 518, 631 S.E.2d 114 (2006) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)). After careful consideration of the record in light of the applicable legal standard, we cannot conclude that the trial court abused its discretion by failing to adopt Plaintiff's position on the prejudice issue.

Finally, Plaintiff argues that the trial court erred by imposing severe sanctions without adequately considering the imposition of lesser sanctions. As we noted in discussing the issue of whether Plaintiff's appeal from the 21 September 2007 order should be dismissed, a trial judge must consider the imposition of less severe sanctions prior to dismissing an action with prejudice as a sanction for failing to provide discovery in a timely manner. *See Goss*, 111 N.C. App. at 176-77, 432 S.E.2d at 158-59. However, "the trial court is not required to list and specifically reject each possible lesser sanction prior to determining that dismissal is appropriate." *Badillo*, 177 N.C. App. at 735, 629 S.E.2d at 911.

The trial court found in the 21 September 2007 order that:

The Court has considered lesser discovery sanctions, and dismissal of Plaintiff's lawsuit with prejudice is the only just and appropriate sanction in view of the totality of the circumstances of the case, which demonstrate the severity of Plaintiff's disobedience in failing to make discovery in a lawsuit she instituted and her unjustified noncompliance with the mandatory North Carolina Rules of Civil Procedure.

Based upon this finding, the trial court concluded in the 21 September 2007 order that:

> The Court has considered lesser sanctions than dismissal of Plaintiff's lawsuit with prejudice. Lesser sanctions would be unjust and inappropriate in view of the totality of the circumstances of the case, which demonstrate the severity of the disobedience of Plaintiff in refusing to make discovery in a lawsuit she instituted, her unjustified noncompliance with the mandatory North Carolina Rules of Civil Procedure, and untimely response on the day of the hearing.

In *In re Pedestrian Walkway Failure*, the trial court used very similar language in dismissing a complaint based on a failure to provide discovery:

> [T]he Court has carefully considered each of [plaintiff's] acts [of misconduct], as well as their cumulative effect, and has also considered the available sanctions for such misconduct. After thorough consideration, the Court has determined that sanctions less severe than dismissal would not be adequate given the seriousness of the misconduct[.]

*In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 251, 618 S.E.2d 819, 828-29 (2005), *disc. review denied*, 360 N.C. 290, 628 S.E.2d 382 (2006). On appeal, we held that this language demonstrated an adequate consideration of less severe sanctions to withstand a challenge on appeal. *See also Badillo*, 177 N.C. App. at 734, 629 S.E.2d at 911. The relevant portions of the trial court's order are not materially different from the language deemed sufficient in *Pedestrian Walkway Failure* and *Cunningham*. Thus, we conclude that the trial court adequately considered the imposition of less severe sanctions prior to dismissing Plaintiff's complaint.

As a result, for all of these reasons, we conclude that the trial court did not abuse its discretion by dismissing Plaintiff's complaint as a sanction for failing to make discovery in a timely fashion. Thus, the trial court's 21 September 2007 order should be affirmed.

### III:  Rule 59 and Rule 60

[3] The next question we must address is whether the trial court properly denied Plaintiff's motion for relief from the 21 September 2007 order under N.C. Gen. Stat. § 1A-1, Rule 59(e) on the basis of the grounds set out in N.C. Gen. Stat. § 1A-1, Rules 59(a)(7) and (9) and

**BATLLE v. SABATES**

[198 N.C. App. 407 (2009)]

N.C. Gen. Stat. § 1A-1, Rules 60(b)(1) and (6). After a careful review of Plaintiff's challenge to the relevant portion of the 11 December 2007 order in light of the applicable law and the record, we find Plaintiff's arguments unpersuasive.

"In the absence of an abuse of discretion, a trial court's ruling on a motion for a new trial due to the insufficiency of evidence is not reversible on appeal." *Hines v. Wal-Mart Stores E., L.P.*, 191 N.C. App. 390, 393, 663 S.E.2d 337, 339 (2008), *disc. review denied*, 363 N.C. 126, 673 S.E.2d 171 (2009) (citing *In re Buck*, 350 N.C. 621, 626, 516 S.E.2d 858, 860-61 (1999) (emphasizing that requests for relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(7), are reviewed under an abuse of discretion rather than a *de novo* standard). Generally speaking, requests for relief under N.C. Gen. Stat. § 1A-1, Rule 59(a)(9) are reviewed for an abuse of discretion as well. *Worthington v. Bynum*, 305 N.C. 478, 484, 290 S.E.2d 599, 603 (1982) (stating that "it is plain that a trial judge's *discretionary* order pursuant to [N.C. Gen. Stat. §] 1A-1, Rule 59 for or against a new trial upon *any* ground may be reversed on appeal only in those exceptional cases where an abuse of discretion is clearly shown"). "However, where the [Rule 59] motion involves a question of law or legal inference, our standard of review is *de novo*." *Alliance for Transp. Reform*, 183 N.C. App. at 469, 645 S.E.2d at 107 (quoting *Kinsey v. Spann*, 139 N.C. App. 370, 372, 533 S.E.2d 487, 490 (2000). "As with Rule 59 motions, the standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion." *Davis*, 360 N.C. at 523, 631 S.E.2d at 118. Thus, the standard of review applicable to Plaintiff's challenge to the denial of her requests for relief from the 21 September 2007 order is whether the trial court's ruling constituted an abuse of discretion or involved an error of law or legal inference.

On appeal, Plaintiff contends that the trial court abused its discretion in denying her requests for relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 59 and Rule 60, because (1) Plaintiff did, in fact, respond to Defendant's discovery requests; (2) Defendant was not prejudiced by Plaintiff's late responses; and (3) the trial court failed to consider lesser sanctions before dismissing Plaintiff's complaint. For the reasons set forth above, however, we are unable to conclude that the trial court's refusal to provide relief constituted an abuse of discretion. As we noted in discussing similar issues in connection with Plaintiff's challenge to the 21 September 2007 order, the trial court could reasonably conclude that the fact that Plaintiff served her discovery responses on the day of the hearing on Defendant's motion for

sanctions did not suffice to preclude dismissal of Plaintiff's complaint; the trial court was not required to find prejudice to Defendant as a precondition for imposing sanctions and appears to have actually considered the prejudice issue in deciding that a less severe sanction would not suffice; and the trial court adequately considered the imposition of lesser alternatives to the dismissal of Plaintiff's complaint before imposing severe sanctions. As a result, the trial court's 11 December 2007 order denying Plaintiff's requests for relief from the 21 September 2007 order is not affected by any error of the type alleged by Plaintiff and should be affirmed.[6]

### IV: Rule 11 Sanctions

[4] Finally, Plaintiff argues that the trial court erred by sanctioning her for filing motions for relief from the 21 September 2007 order pursuant to N.C. Gen. Stat. § 1A-1, Rules 59 and 60. After careful consideration, we conclude that the trial court did not err in sanctioning Plaintiff for filing this motion.

According to N.C. Gen. Stat. § 1A-1, Rule 11:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose[.] . . .

---

6. Plaintiff also contends that the trial court abused its discretion by striking Plaintiff's affidavit. Plaintiff's affidavit merely reiterated two of the three contentions that she brought forward on appeal, which are that (1) Plaintiff ultimately responded to Defendant's discovery requests and that (2) Defendant was not prejudiced by the delayed service of these responses. In its 11 December 2007 order, the trial court found that "[t]he 'verification' page attached to the Affidavit erroneously states that Plaintiff "has read the foregoing Complaint for Breach of Contract" and that "[t]he date the document appears to have been sworn to is October 4, 2006." Based on this factual finding, the trial court concluded that "[t]he 'Affidavit of Plaintiff in Support of Motions' submitted in connection with Plaintiff's Rule 59/60 Motion was not properly verified and is defective" and ordered that the affidavit be stricken. Assuming *arguendo* that the trial court erred by striking Plaintiff's affidavit, that error had no conceivable effect upon the outcome at trial or on appeal given our conclusion that the trial court appropriately rejected Plaintiff's challenge to the 21 September 2007 order for reasons unrelated to the presence or absence of evidentiary support in denying the motion that Plaintiff filed pursuant to N.C. Gen. Stat. § 1A-1, Rules 59 and 60.

N.C. Gen. Stat. § 1A-1, Rule 11(a). " 'There are three parts to a Rule 11 analysis: (1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose. A violation of any one of these requirements mandates the imposition of sanctions under Rule 11.' " *Persis Nova Constr. v. Edwards*, 195 N.C. App. 55, 61, 671 S.E.2d 23, 27 (2009) (quoting *Dodd v. Steele*, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 521 (1994)).

In reviewing an order imposing sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11:

> The appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Dunn v. Canoy*, 180 N.C. App. 30, 41, 636 S.E.2d 243, 250 (2006), *disc. review denied and appeal dis'd*, 361 N.C. 351, 645 S.E.2d 766 (2007) (quoting *Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989)). "A court's failure to enter findings of fact and conclusions of law on this issue is error which generally requires remand in order for the trial court to resolve any disputed factual issues." *McClerin v. R-M Indus.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995). "The appropriateness of a particular sanction," however, "is reviewed for abuse of discretion." *Bledsole v. Johnson*, 357 N.C. 133, 138, 579 S.E.2d 379, 381 (2003).

In the 11 December 2007 order, the trial court found as fact that:

13. . . . At the hearing on November 26, 2007, Plaintiff failed to offer any evidence or present any authority warranting the Court's rehearing the arguments presented by counsel at the September 4, 2007 hearing.

14. Plaintiff failed to present any grounds pursuant to Rule 60 of the North Carolina Rules of Civil Procedure to support setting aside the Court's previous ruling, there are no such circumstances warranting such relief and justice does not demand relief from the Order.

15. The Order, filed September 21, 2007, was soundly based on the facts and law.

16. Plaintiff's Rule 59/60 Motion is not well-grounded in law or in fact.

Based on these findings of fact, the trial court concluded that "Plaintiff's Rule 59/60 Motion is not well-grounded in law or in fact" and sanctioned Plaintiff.

On appeal, Plaintiff contends that "the trial court erred by sanctioning Plaintiff for filing the motion for relief without making the factual findings required by Rule 11[.]" More particularly, Plaintiff argues that "[t]he trial court did not cite Rule 11 in its order or explain how Plaintiff's Rule 59/60 motion failed Rule 11's requirements." At bottom, despite her references to the trial court's findings of fact, Plaintiff is really challenging the adequacy of the trial court's legal conclusions. Moreover, Plaintiff has failed to identify any factual issue relevant to the sanctions issue which the trial court failed to address. In the absence of any failure on the part of the trial court to resolve such a factual controversy, we are unable to identify any inadequacy in its findings. Furthermore, the trial court specifically concluded that "Plaintiff failed to offer any evidence or present any authority warranting the Court's rehearing the arguments presented by counsel at the September 4, 2007, hearing" and "failed to present any grounds pursuant to Rule 60 of the North Carolina Rules of Civil Procedure to support setting aside the Court's previous ruling." This portion of the trial court's order is sufficient to permit us to identify the basis for the trial court's decision and to review the adequacy of its determination on appeal. Since the trial court's order is sufficient to permit appellate review and since Plaintiff has not challenged this portion of the 11 December 2007 order on any substantive ground, we are compelled to conclude that the trial court did not err by granting Defendant's motion for sanctions.[7]

---

7. Our conclusion that the trial court did not err by sanctioning Plaintiff for seeking relief from the 21 September 2007 order is not in any way inconsistent with our determination that Plaintiff's 5 October 2007 motion sufficed to toll the running of the time within which Plaintiff was entitled to note an appeal from the 21 September 2007 order. In essence, the 5 October 2007 motion sufficed to toll the time for noting an appeal because it was in proper form and alleged a potentially valid basis for altering or amending the 21 September 2007 order. On the other hand, when compared with the information in the record, it is clear that these grounds were not actually valid given the language of the 21 September 2007 order. Thus, our holdings on these issues are not in any way inconsistent with each other.

V:  Conclusion

For the foregoing reasons, Plaintiff's challenges to the 21 September 2007 and 11 December 2007 orders lack merit. As a result, both orders are affirmed.

AFFIRMED.

Chief Judge Martin and Judge Robert N. Hunter, Jr. concur.