BERGER, Judge.
Ericka Quattlebaum ("Petitioner") appeals from an order denying her motion for a new trial, motion to amend judgment, and motion to open judgment. Petitioner argues the trial court abused its discretion in denying Petitioner's Rule 59 motion and dismissing Petitioner's case as a sanction under Rule 37 for discovery violations. We disagree.
Factual and Procedural Background
On September 21, 2011, Bobby Eugene Quattlebaum, Sr. ("Decedent") executed a Last Will and Testament ("the Will"), which designated Shriners Hospital for Children and Masonic Home for Children at Oxford (collectively, "Respondents") as beneficiaries of his estate. Petitioner and Decedent's remaining issue, Kimberly, Jerrell, Bobby Jr., Julie, and John Quattlebaum, were not included as beneficiaries in the Will. Decedent died on July 25, 2014.
On July 22, 2015, Petitioner, along with Decedent's remaining issue not party to this appeal, filed a caveat proceeding to contest the Will. Petitioner's caveat alleged Decedent lacked capacity at the time the Will was executed due to a diagnosis of Alzheimer's Disease and dementia. Petitioner further alleged the existence of a prior will executed at an unknown time, and that Decedent's remaining issue were beneficiaries under the purported prior will. Petitioner sought "general relief to which they may be entitled."
On December 11, 2015, the trial court issued an Alignment Order designating Petitioner and remaining issue as Caveators and Respondents as Propounders of the Will. On April 4, 2016, the trial court filed a Discovery Scheduling Order requiring all discovery to be completed thirty days prior to trial and referred the case to mediation. On the same day, the trial court also continued the trial from April 25, 2016 until October 10, 2016. On September 25, 2016, the trial court filed another order continuing the trial until February 13, 2017. On September 26, 2016, Petitioner filed a motion designating a mediator for all parties, and a mediation date was later set for November 29, 2016.
On October 13, 2016, Respondents filed a notice to take the depositions of Petitioner and two of her siblings on November 9, 2016. However, Petitioner and her siblings failed to attend the deposition. At the mediation scheduled for November 29, 2016, Petitioner was the only Caveator to attend, and she did not have the ability or authority to represent all interested parties, and thus, the parties were unable to proceed with the mediation. Subsequently, on November 21 and December 1, 2016, Respondents filed motions for sanctions under Rules 30 and 37(d) because Petitioner and other family members failed to appear at the deposition without justifiable excuse and failed to attend the mediation.
On December 5, 2016, the trial court held a hearing on the motions for sanctions, and the trial court dismissed Petitioner's complaint as a sanction for failure to comply with Rule 37. The trial court found Petitioner and other family members were duly noticed and served for all proceedings; Petitioner offered no justifiable excuse explaining their absence; Petitioner served no response to the motions for sanctions; and, Petitioner had violated the Discovery Scheduling Order by not properly attending the mediation. The trial court concluded that it had considered lesser sanctions than dismissal for Petitioner's violations, but "that the sanction of striking the Complaint/Caveat of the Caveators is permissible and justified under N.C.R. Civ. Pro. 37(d)et seq. ... because the Caveators have offered no good cause for failing to attend or to offer authority for their counsel of record to settle the case at the mediated settlement conference." A written order was filed on January 6, 2017 ("January 6, 2017 Order").
On January 23, 2017, Petitioner filed a Rule 59 motion seeking a new trial, an amended judgment, and to open the judgment. On March 7, 2017, the trial court filed an order denying Petitioner's Rule 59 motion. Petitioner appeals.
Jurisdiction
Initially, we must address Respondents' argument that this Court does not have jurisdiction to review Petitioner's appeal because Petitioner failed to file timely notice of appeal. Respondent specifically argues that because Petitioner's Rule 59 motion failed to comply with the Rules of Civil Procedure, her motion did not qualify as a Rule 59 motion, and the period within which she was required to file her appeal was not tolled. Therefore, according to Respondents, Petitioner's appeal should be dismissed as untimely filed. We disagree.
"A party to a civil action must file and serve a notice of appeal 'within 30 days after entry of judgment.' " Batlle v. Sabates , 198 N.C. App. 407, 413, 681 S.E.2d 788, 793 (2009) (quoting N.C.R. App. P. 3(c)(1) ). However, "if a timely motion is made by any party for relief under ... [Rule] 59 of the Rules of Civil Procedure, the thirty-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order." N.C.R. App. P. 3(c)(3). Under to Rule 3(c)(3) of the North Carolina Rules of Appellate Procedure, this Court has jurisdiction to examine Petitioner's appeal only if it is sufficient under Rule 59 of the North Carolina Rules of Civil Procedure. Batlle , 198 N.C. App. at 413, 681 S.E.2d at 793.
Here, the trial court dismissed Petitioner's action on January 6, 2017; however, Petitioner was not served a written order until January 18, 2017. Petitioner filed a motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure on January 23, 2017, within ten days of receipt of the order dismissing her caveat action. See N.C. Gen. Stat. § 1A-1, Rule 58 (2017) ("[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court ... [and served] upon all parties. ..."); N.C. Gen. Stat. § 1A-1, Rule 59(b) (2017).
The trial court denied Petitioner's Rule 59 motion on March 7, 2017. On March 29, 2017, Petitioner filed written notice of appeal of the January 6, 2017 and March 7, 2017 orders. Respondents contend that Petitioner's Rule 59 motion was insufficient, thus making Petitioner's notice of appeal untimely as to the January 6, 2017 Order, and this Court would not have jurisdiction.
In pertinent part, Rule 59(a) provides a new trial may be ordered on the following grounds:
(1) Any irregularity by which any party was prevented from having a fair trial;
(2) Misconduct of the jury or prevailing party;
(3) Accident or surprise which ordinary prudence could not have guarded against;
...
(7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law; [or]
...
(9) Any other reason heretofore recognized as grounds for a new trial.
On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
N.C. Gen. Stat. § 1A-1, Rule 59(a). Additionally, Rule 59(e) provides "[a] motion to alter or amend the judgment under section (a) of this rule shall be served not later than 10 days after entry of the judgment." N.C. Gen. Stat. § 1A-1, Rule 59(e).
For a motion to "qualify as a Rule 59 motion ... the motion must state the grounds therefor and the grounds stated must be among those listed in Rule 59(a)." N.C. Alliance for Transp. Reform, Inc. v. N.C. Dep't of Transp. , 183 N.C. App. 466, 468, 645 S.E.2d 105, 107 (2007) (citations, ellipses, and internal quotation marks omitted); see also N.C. Gen. Stat. § 1A-1, Rule 7(b)(1) (2017) (stating a motion "shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought").
Here, Petitioner alleged the grounds and supporting factual bases as required by Rule 59. To align with Rule 59(a), Petitioner specifically asserted the grounds for her motion in sections with subheadings that included "Misconduct of the prevailing party"; "Accident or surprise which ordinary prudence could not have guarded against"; "Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law"; and "Any other reason heretofore recognized as a grounds for new trial." N.C. Gen. Stat. § 1A-1, Rule 59(a)(2), (3), (7), (9). Petitioner alleged specific and particularized facts in each of these subsections that she contended supported her Rule 59 motion. Consequently, Petitioner's motion complied with the requirements of Rule 59. See Batlle , 198 N.C. App. at 414-15, 681 S.E.2d at 794-95 (concluding that the plaintiff's motion was sufficient to obtain relief pursuant to Rule 59 ). Therefore, the time period for filing the appeal from the January 6, 2017 Order was tolled, and we have jurisdiction to consider Petitioner's appeal.
Analysis
Petitioner argues the trial court abused its discretion in denying its Rule 59 motion because the dismissal of Petitioner's underlying complaint was a surprise and constituted manifest injustice. Petitioner further argues the trial court's January 6, 2017 Order, which imposed Rule 37 sanctions for discovery violations, constituted an "excessive penalty to have been given under the influence of passion or prejudice"; was based on insufficient evidence; and was surprising that the trial court imposed the "ultimate sanction." We disagree.
"The determination of whether to grant or deny a motion pursuant to either Rule 59(a) or Rule 59(e) is addressed to the sound discretion of the trial court." Young v. Lica , 156 N.C. App. 301, 304, 576 S.E.2d 421, 423 (2003) (citation omitted). "[A]n appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." Worthington v. Bynum & Cogdell v. Bynum , 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982) (citation omitted). Therefore, "an appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." Id. at 487, 290 S.E.2d at 605. "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." Davis v. Davis , 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citation and quotation marks omitted).
Here, the trial court's order denying Petitioner's Rule 59 motion states: "[a]fter hearing the arguments of counsel, reviewing the record proper, and considering the applicable law, it appears to the [trial court] that grounds for the requested relief have not been shown and that movant has failed to meet her burden such that her motions should be denied."
Petitioner argues the trial court abused its discretion in its original January 6, 2017 Order imposing Rule 37 sanctions. Petitioner challenges several of the trial court's findings of fact and conclusions of law. Petitioner, however, has failed to include a verbatim transcript of this hearing, and this Court is unable to review Plaintiff's challenge to the findings of fact and conclusions of the trial court. See N.C.R. App. P. 9(a) ("In appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule 9.").
As the record before us does not demonstrate that the trial court abused its discretion in the original judgment, Petitioner has failed to demonstrate the trial court's decision "was so arbitrary that it could not have been the result of a reasoned decision." Davis , 360 N.C. at 523, 631 S.E.2d at 118 (citation and quotation marks omitted). Thus, this Court will not disturb the trial court's January 6, 2017 Order.
Accordingly, we hold Petitioner failed to provide this Court with sufficient evidence on appeal to demonstrate the trial court abused its discretion in denying Petitioner's Rule 59 motion or entering the underlying January 6, 2017 Order.
Conclusion
Petitioner made a proper Rule 59 motion, tolling the thirty-day period to appeal to this Court, so this appeal is properly before us. However, Petitioner failed to demonstrate the trial court abused its discretion by dismissing Petitioner's action and denying her Rule 59 motion.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER and INMAN concur.