JAMES EDGAR TYNDALL v. DEBORAH TYSON TYNDALL

No. 854DC1289

(Filed 20 May 1986)

**Divorce and Alimony § 24.5— child support—showing of changed circumstances required**

    When the parties' child support agreement was incorporated into their divorce judgment, it became an order of the court which was modifiable only upon a showing of changed circumstances, and there was no merit to defendant's contention that the child support issue should have been determined without regard to previous circumstances.

APPEAL by defendant from *Williamson, Judge.* Order entered 26 August 1985 in District Court, SAMPSON County. Heard in the Court of Appeals 16 April 1986.

*Benjamin R. Warrick for plaintiff appellee.*

*Bryan, Jones, Johnson & Snow, by Robert C. Bryan, for defendant appellant.*

PHILLIPS, Judge.

The parties were formerly husband and wife. After separating they executed a property division and child support agreement, which was expressly incorporated into the divorce judgment rendered in this action on 15 January 1985. In pertinent part the agreement, executed on 7 December 1983, gave defendant custody of their two minor children and required plaintiff to pay $85 a week for their support. On 15 August 1985 defendant moved that the child support payments be increased. After a hearing thereon the court denied the motion, finding that the circumstances had not materially changed since the divorce judgment was entered. In appealing defendant does not contend that the circumstances concerning the needs of the children and plaintiff's ability to pay have changed since the divorce was granted; she contends rather that the finding is irrelevant, and that the child support issue should have been determined without regard to previous circumstances since that issue had not been adjudicated theretofore. This contention has no merit. When the parties' child support agreement was incorporated into the divorce judgment it became an order of court that is modifiable only as other judgments involving child custody and support are modifiable. *Walters v. Walters*, 307 N.C. 381, 298 S.E. 2d 338 (1983). No grounds for modifying the judgment having been presented, the court's refusal to disregard the terms of the judgment and make a new, independent determination was correct.

Affirmed.

Judges BECTON and COZORT concur.