ROBERT BEAMER, Plaintiff v. GRACE McKAY BEAMER (now ROAKES), Defendant

No. COA04-263

(Filed 5 April 2005)

**1. Child Support, Custody, and Visitation— support—modification—children's reasonable needs—findings not sufficient**

A child support modification was reversed and remanded where the court did not make the necessary findings about the children's reasonable needs. Although the court found that the needs of the children had not changed, the court made no finding, and the record contained no indication, of what those expenses had been. It is not enough that the court received testimony and documentation from which sufficient findings could have been made.

**2. Child Support, Custody, and Visitation— support—award in excess of Guidelines—findings insufficient**

The trial court made insufficient findings to support an award in excess of the Child Support Guidelines where the Court of Appeals could only speculate on how the trial court reached its figure and whether it was supported by competent evidence.

Appeal by plaintiff from order entered 30 October 2003 by Judge Ben S. Thalheimer in Mecklenburg County District Court. Heard in the Court of Appeals 13 October 2004.

*Knox, Brotherton, Knox & Godfrey, by Peter E. McArdle, for plaintiff-appellant.*

*Karro, Sellers & Langson, by Julia S. Scheer, for defendant-appellee.*

GEER, Judge.

Plaintiff Robert Beamer appeals from the trial court's order modifying the amount of child support he was required to pay defendant Grace McKay Roakes. We remand for further findings of fact because the trial court's decision to deviate from the North Carolina Child Support Guidelines ("the Guidelines") is not supported by specific findings of fact as to (1) the reasonable needs of the children and (2) the basis for the amount of child support ultimately awarded.

## Facts

Plaintiff and defendant were married on 1 July 1989, but separated on 1 December 1999. They are the parents of two minor children. Plaintiff and defendant entered into a Separation Agreement and Property Settlement on 14 February 2001. This agreement was incorporated into the parties' divorce judgment on 20 August 2001. In the separation agreement, the parties agreed that plaintiff's monthly child support payments would be $1,575.00, an amount computed by applying the Guidelines to plaintiff's gross income of $9,693.00 per month and defendant's gross income of $1,500.00 per month, as stated on the parties' 1999 tax returns. In addition to the basic child support obligation, plaintiff agreed in the separation agreement to be responsible for the children's private school tuition.

On 31 December 2002, the parties entered into a consent order that increased plaintiff's visitation with the children. On 26 February 2003, plaintiff filed a Motion to Modify Child Support pursuant to N.C. Gen. Stat. § 50-13.7 (2003). In his motion, plaintiff alleged a substantial change in circumstances due to (1) "a substantial and involuntary decrease in his income" and (2) the fact that plaintiff had, because of increased visitation, assumed a greater financial responsibility for the children outside of his child support payments. Plaintiff argued that child support should be computed using his current income amount and Worksheet B of the Guidelines (addressing joint or shared custody).

On 30 October 2003, the trial court entered an order agreeing that plaintiff's reduction in income constituted a substantial change in circumstances. After determining that application of Worksheet B of the Guidelines would result in a monthly child support payment of $597.53, the court found that this amount would not meet the reasonable needs of the children and awarded instead $1,110.00 per month. Plaintiff timely appealed from this order.

## Discussion

In North Carolina, child support orders are not permanent and may be modified upon a showing of a substantial change in circumstances. N.C. Gen. Stat. § 50-13.7(a) ("An order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested . . . ."); *Mittendorff v. Mittendorff*, 133 N.C. App. 343, 344, 515 S.E.2d 464, 465 (1999) ("Child support orders may be modified only upon a showing of substantial changed

circumstances."). These principles apply equally to child support agreements between the parties that have been incorporated into a court order. *Walters v. Walters*, 307 N.C. 381, 386, 298 S.E.2d 338, 342 (1983) (separation agreements approved by the trial court "are modifiable . . . in the same manner as any other judgment in a domestic relations case"); *Tyndall v. Tyndall*, 80 N.C. App. 722, 723, 343 S.E.2d 284, 284 ("When the parties' child support agreement was incorporated into the divorce judgment it became an order of court that is modifiable only as other judgments involving child custody and support are modifiable."), *disc. review denied*, 318 N.C. 420, 349 S.E.2d 606 (1986).

In this case, the parties' separation agreement was incorporated into the parties' Amended Judgment of Divorce filed 20 August 2001. Thus the child support provisions could only be modified upon a showing of a substantial change of circumstances.

The trial court determined that "[p]laintiff has sustained a substantial reduction in income" and "[t]his reduction in income constitutes a substantial change in circumstances since August 20, 2001, and justifies modification of this Court's prior Order." *See McGee v. McGee*, 118 N.C. App. 19, 27, 453 S.E.2d 531, 536 (a " 'substantial and involuntary decrease in the income of a non-custodial parent [may], as a matter of law, constitute a substantial change of circumstances authorizing the court to modify a prior order by reducing child-support payments' " (quoting *Pittman v. Pittman*, 114 N.C. App. 808, 810, 443 S.E.2d 97 (1994))), *disc. review denied*, 340 N.C. 359, 458 S.E.2d 189 (1995). Defendant has not appealed from this aspect of the trial court's ruling and it is, therefore, binding on appeal.

Once a substantial change in circumstances has been shown by the party seeking modification, the trial court then "proceeds to follow the Guidelines and to compute the appropriate amount of child support." *Davis v. Risley*, 104 N.C. App. 798, 800, 411 S.E.2d 171, 173 (1991). *See also Brooker v. Brooker*, 133 N.C. App. 285, 290, 515 S.E.2d 234, 238 (1999) (after finding a change of circumstances, "the trial court should compute the appropriate amount of child support pursuant to the Guidelines then in effect" (internal quotation marks omitted)). Child support set in accordance with the Guidelines "is conclusively presumed to be in such amount as to meet the reasonable needs of the child and commensurate with the relative abilities of each parent to pay support." *Buncombe County ex rel. Blair v. Jackson*, 138 N.C. App. 284, 287, 531 S.E.2d 240, 243 (2000).

If a trial court decides to deviate from the Guidelines, it must follow a four-step process:

First, the trial court must determine the presumptive child support amount under the Guidelines. Second, the trial court must hear evidence as to the reasonable needs of the child for support and the relative ability of each parent to provide support. Third, the trial court must determine, by the greater weight of this evidence, whether the presumptive support amount would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate. Fourth, following its determination that deviation is warranted, in order to allow effective appellate review, the trial court must enter written findings of fact showing the presumptive child support amount under the Guidelines; the reasonable needs of the child; the relative ability of each party to provide support; and that application of the Guidelines would exceed or would not meet the reasonable needs of the child or would be otherwise unjust or inappropriate.

*Sain v. Sain*, 134 N.C. App. 460, 465-66, 517 S.E.2d 921, 926 (1999) (internal citations and quotation marks omitted).

A trial court's deviation from the Guidelines is reviewed under an abuse of discretion standard. *State ex rel. Fisher v. Lukinoff*, 131 N.C. App. 642, 644, 507 S.E.2d 591, 593 (1998). Under this standard of review, the trial court's ruling will be overturned only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision. *Leary v. Leary*, 152 N.C. App. 438, 441, 567 S.E.2d 834, 837 (2002). The trial court must, however, make sufficient findings of fact and conclusions of law to allow the reviewing court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law. *Id.* at 441-42, 567 S.E.2d at 837.

Here, the trial court first found that plaintiff's monthly support obligation would equal $597.53 under the Guidelines. The court next concluded:

By the greater weight of the evidence, the application of the North Carolina Child Support Guidelines would not meet the reasonable needs of the minor children considering the relative ability of each parent to provide support and would otherwise be unjust or inappropriate in that the parties contemplated a level of

BEAMER v. BEAMER

[169 N.C. App. 594 (2005)]

support in excess of the support guidelines when entering into their Separation Agreement Property Settlement [sic] in February of 2001, and at the time the Agreement was incorporated as an order of this Court on or about August 20, 2001.

The court then modified plaintiff's monthly child support from $1,575.00 to $1,110.00.

[1] Plaintiff first contends that the trial court erred by failing to make any findings regarding the reasonable needs of the children. On this issue, the trial court made only the following findings of fact:

> 15. Plaintiff . . . maintains major medical and hospitalization coverage for the benefit of the children at a cost of $180 per month. . . .

> . . . .

> 17. The needs of the minor children have not significantly changed since the entry of the August 20, 2001 Order, but the Plaintiff's income has been substantially reduced from the $9,693 per month figure upon which Plaintiff's current level of child support responsibility is based. Plaintiff's current average monthly income (based upon sales commissions as a real estate broker) for 2003 is approximately $5,416 per month.

> 18. The minor children may benefit from their attendance at an area private Catholic school as originally agreed upon between the parties, but the children do not have special education needs which require their attendance at a private school.

> 19. The reasonable needs of the minor children have not materially changed since August of 2001.

We agree with plaintiff that these findings of fact are not sufficient.

In finding " 'the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support,' " the trial court must consider " 'the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.' " *Fisher*, 131 N.C. App. at 645, 507 S.E.2d at 594 (quoting N.C. Gen. Stat. § 50-13.4(c),

(c1)). These "factors should be included in the findings if the trial court is requested to deviate from the [G]uidelines." *Gowing v. Gowing*, 111 N.C. App. 613, 618, 432 S.E.2d 911, 914 (1993).

In this case, the trial court's findings of fact only address health insurance costs and the lack of any need for private school. The order contains no specific findings of fact regarding the children's maintenance or additional health and educational expenses. Although the trial court found that the children's needs had not changed, the court made no finding—and the record contains no indication—of what those expenses had been previously. Without knowing what the children's reasonable expenses are, we cannot review the trial court's decision to deviate from the Guidelines or the amount ultimately awarded. *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (holding that without sufficient factual findings regarding the amount of support necessary to meet the reasonable needs of the child, an appellate court has no means of determining whether the order is adequately supported by competent evidence).

Defendant argues, however, that the trial court heard testimony and received documentation detailing the reasonable needs of the children. Nevertheless, our Supreme Court has stressed that "[i]t is not enough that there may be evidence in the record sufficient to support findings which *could have been made*. The trial court must itself determine what pertinent facts are actually established by the evidence before it . . . ." *Id.* Because the trial court failed to include the necessary findings of fact regarding the children's reasonable needs, this Court must reverse and remand for further proceedings. *Brooker*, 133 N.C. App. at 291, 515 S.E.2d at 239 (remanding because the trial court's order deviating from the Guidelines did not include sufficient findings regarding the reasonable needs of the children). *See also* 2 Suzanne Reynolds, *Lee's North Carolina Family Law* § 10.15 (5th ed. 1999) ("If the trial court fails to make findings regarding the child's reasonable needs, it cannot determine whether the application of the guidelines would not meet the reasonable needs of the child, and deviation is improper.").

[2] Plaintiff also contends that the trial court erred in failing to provide an explanation for its award of $1,110.00, an amount $500.00 in excess of the amount prescribed by the Guidelines. While this amount may have a logical basis, the court's order does not reflect how the court reached that figure. Although an amount of child support under the Guidelines is presumptively correct, "when the trial court deviates from the presumptive guidelines, it 'shall make findings of fact as

to the criteria that justify . . . the basis for the amount ordered.' " *State ex. rel. Horne v. Horne*, 127 N.C. App. 387, 390, 489 S.E.2d 431, 433 (1997) (quoting N.C. Gen. Stat. § 50-13.4(c) (1995)).

Defendant argues that the $1,110.00 figure comes from the new amount of support under the Guidelines ($597.00) plus the approximate amount that plaintiff had been paying to cover the children's private school expenses ($510.00). There is, however, nothing in the record to indicate that defendant's proposed calculation was in fact the basis for the award or, if so, why such a calculation was considered justified by the trial court. Because the current order leaves us to speculate how the trial court reached its figure and whether it was supported by competent evidence, the trial court on remand should ensure that it explains the basis for the amount ultimately awarded. *Id.* (remanding for failure to include "sufficient findings of fact to support the *amount* of child support awarded").

Remanded.

Judges CALABRIA and STEELMAN concur.