An unpublished opinion of the North Carolina Court of Appeals does not constitute
controlling legal authority. Citation is disfavored, but may be permitted in accordance
with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1451

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

JULIA M. FOSS,
    Plaintiff

v.

Iredell County
No. 05 CVD 2831

ROGER MILLER, JR.,
    Defendant


Appeal by plaintiff from order entered 2 May 2013 by Judge
H. Thomas Church in Iredell County District Court. Heard in the
Court of Appeals 8 May 2014.


*Julia M. Foss, pro se.*

*Pressly, Thomas & Conley, P.A., by Gary Thomas, for
Defendant.*


ERVIN, Judge.


Plaintiff Julia M. Foss appeals from an order awarding
custody of the parties' children to Defendant Roger Miller, Jr.,
and establishing an amount of child support that Plaintiff was
required to pay to Defendant. On appeal, Plaintiff argues that
the trial court erred by refusing to deviate from the child
support guidelines, by failing to consider evidence relating to
the difference between the cost of living in California and the

cost of living in North Carolina, and by failing to allow for Plaintiff's extraordinary expenses in calculating the amount of child support that she owed to Defendant. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed in part and reversed in part and that this case should be remanded to the Iredell County District Court for further proceedings not inconsistent with this opinion.

## I. Factual Background

### A. Substantive Facts

Plaintiff and Defendant were married on 15 July 1995, separated on 30 October 2004, and divorced on 11 January 2006. The parties are the parents of two minor children, Aaron and Martin.[1] On 25 January 2005, the parties entered into a separation agreement which provided that they were to have joint legal and physical custody of the children; that "[h]usband and [w]ife shall equally divide all day care expenses, school expenses and expenses relating to the needs of the minor children"; and that, "[b]ased upon the divisions of the expenses, the reasonable needs of the minor children and the fact that [h]usband and [w]ife earn a comparable wage, the

---

[1]"Aaron" and "Martin" are pseudonyms used for ease of reading and to protect the children's privacy.

parties agree that neither party shall be required to pay the other child support." The parties' separation agreement was subsequently incorporated into the divorce judgment.

In 2010, Plaintiff moved from North Carolina to California and married her current husband, Raymond Foss. After moving to California, Plaintiff saw the children periodically and made several trips to visit them in North Carolina. At one point in 2012, Plaintiff refused to return the children to North Carolina after visiting with them in California, an action which required Defendant to come to California for the purpose of retrieving them.

## B. Procedural History

On 17 July 2012, Plaintiff filed a motion to modify the existing child custody and support arrangements. On 13 August 2012, Defendant filed a response to Plaintiff's motion and a counter-motion for child custody and support. On 29 August 2012, Plaintiff voluntarily dismissed her modification motion. On 19 November 2012, Plaintiff filed a new motion in which she sought to have the existing custody and support arrangements modified. On 5 March 2013, Plaintiff filed a motion for child support and a motion to deviate from the child support guidelines in the event that the trial court awarded custody to Defendant.

In early 2013, Plaintiff's motions came on for hearing before the trial court in Iredell County District Court. On 2 May 2013, the trial court entered an order denying Plaintiff's motion to deviate from the child support guidelines, granting Defendant primary legal and physical custody of the children, and ordering Plaintiff to pay child support to Defendant in the amount of $1,033.00 per month. Plaintiff noted an appeal to this Court from the trial court's order.

## II. Substantive Legal Analysis

### A. Deviation from Child Support Guidelines

In her first challenge to the trial court's order, Plaintiff argues that the trial court erred by refusing to deviate from the child support guidelines in calculating the amount of support that she owed Defendant. More specifically, Plaintiff argues that the trial court erroneously failed to make findings of fact that addressed the children's need for support in the course of making its deviation decision. Plaintiff's argument has merit.

### 1. Standard of Review

"Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." *Leary v. Leary*, 152 N.C. App. 438, 441, 567 S.E.2d

834, 837 (2002). Similarly, "[a] trial court's deviation from the [child support] [g]uidelines is reviewed under an abuse of discretion standard." *Beamer v. Beamer*, 169 N.C. App. 594, 597, 610 S.E.2d 220, 223 (2005). "Under this standard of review, the trial court's ruling will be overturned only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Ludlam v. Miller*, __ N.C. App. __, __, 739 S.E.2d 555, 558 (2013) (quoting *Spicer v. Spicer*, 168 N.C. App. 283, 287, 607 S.E.2d 678, 682 (2005)). "The trial court must, however, make sufficient findings of fact and conclusions of law to allow the reviewing court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law." *Id.* at __, 739 S.E.2d at 558.

## 2. Sufficiency of Trial Court's Findings

"Child support is to be set in such amount 'as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties.'" *Buncombe Cnty. ex rel. Blair v. Jackson*, 138 N.C. App. 284, 287, 531 S.E.2d 240, 243 (2000) (quoting N.C. Gen. Stat. § 50-13.4(c)). "Child support set consistent with the Guidelines is conclusively presumed to be in such amount as to meet the reasonable needs of the child and commensurate with the

relative abilities of each parent to pay support." *Id.* at 287, 531 S.E.2d at 243.

"If the trial court imposes the presumptive amount of child support under the Guidelines, it is not . . . required to take any evidence, make any findings of fact, or enter any conclusions of law 'relating to the reasonable needs of the child for support and the relative ability of each parent to [pay or] provide support.'" *Biggs v. Greer*, 136 N.C. App. 294, 297, 524 S.E.2d 577, 581 (2000) (quoting *Browne v. Browne*, 101 N.C. App. 617, 624, 400 S.E.2d 736, 740 (1991)). "However, upon a party's request that the trial court deviate from the Guidelines . . . or the court's decision on its own initiative to deviate from the presumptive amounts . . . [,] the court must hear evidence and find facts related to the reasonable needs of the child for support and the parent's ability to pay[.]" *Id.* at 297, 524 S.E.2d at 581; *Gowing v. Gowing*, 111 N.C. App. 613, 618, 432 S.E.2d 911, 914 (1993) (stating that "[t]he second paragraph of N.C. [Gen. Stat.] § 50-13.4(c) provides that[,] when a request to deviate is made and such evidence is taken, the court should hear the evidence and 'find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support'"). In making the required findings, "the trial court must consider

'the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.'" *Beamer*, 169 N.C. App. at 598, 610 S.E.2d at 224 (quoting *State ex rel. Fisher v. Lukinoff*, 131 N.C. App. 642, 645, 507 S.E.2d 591, 594 (1998)). As a result, given that Plaintiff requested the trial court to deviate from the child support guidelines, the trial court was required to "hear evidence and find facts related to the reasonable needs of the child for support and the parent's ability to pay." *Biggs*, 136 N.C. App. at 297, 524 S.E.2d at 581.

In its order, the trial court found as fact that:

18. The Defendant has a Bachelor of Arts Degree in Accounting and works full time at Inmar, Inc. as a computer programmer. He currently has a monthly gross income of $8,333.00. He pays health insurance premiums for the minor children in the amount of $230.00 per month.

19. The Plaintiff is employed as a Respiratory Therapy Instructor at San Joaquin Valley College in Rancho Cordova, California. She currently has a monthly gross income of $6,265.00.

20. [Aaron] attends Mooresville Middle School and will begin Mooresville High School next year. He is very active in

sports, particularly baseball, where he participates in travel baseball.

21. [Martin] attends Mooresville Intermediate School and will attend Mooresville Middle School next year. Both boys have attended schools in the Mooresville area since kindergarten and both are A/B students.

22. The Court, outside the presence of the Plaintiff and Defendant and his counsel, interviewed the boys and both expressed the desire to remain in the primary custody of the Defendant. Both also stated that they would like to have more interaction with their mother.

23. The Court would find that both the Plaintiff and the Defendant love their sons. The Court would also find that it is in the best interest of the minor children that they remain in the primary custody of the Defendant with the Plaintiff having secondary custody in the form of visitation as set out below.

24. Both parties owe a duty of support for the minor children. As noted above the Plaintiff filed a Motion asking the Court to deviate from the child support guidelines. The Court held a hearing and heard evidence from both the Plaintiff and Defendant on Plaintiff's motion. After hearing this evidence the Court finds that the Plaintiff's Motion to Deviate should be denied. Thus, the Court would find that the Plaintiff should begin paying the sum of $1033.00 per month as support for the two minor children. This sum being determined from the Worksheet A as submitted by the Defendant.

25. The Custody and Support Order below is in the best interest of the minor children.

A careful examination of these findings establishes that the trial court failed to make specific findings regarding the reasonable needs of the children for support as required by N.C. Gen. Stat. § 50-13.4(c). Aside from the amount of the premiums needed to ensure that the children had adequate health coverage, the trial court made no specific findings concerning the amount of expenses that needed to be incurred in order to meet the children's needs. More specifically, the trial court's findings do not establish the amount necessary to provide for the children's education, maintenance, or other expenses. As was the case in *Beamer*, the trial court's order, while addressing the amount needed to provide the children with health insurance coverage, was devoid of any findings relating to the amount needed to ensure that the children's educational, maintenance-related, and other needs were met. As a result, the trial court's order did not contain sufficient findings of fact to permit a proper determination of whether the trial court abused its discretion in denying Plaintiff's request for deviation from the child support guidelines. *Beamer*, 169 N.C. App. at 599, 610 S.E.2d at 224.

In seeking to persuade us to reach a different result, Defendant argues that the trial court's findings of fact "reflect the evidence presented by [Defendant] as to the expenses associated with the children's needs, including basic living expenses, transportation to school and sports events, healthcare and vacations." However, as the Supreme Court has stated, "[i]t is not enough that there may be evidence in the record sufficient to support findings which *could have been made*[;] [instead,] [t]he trial court must itself determine what pertinent facts are actually established by the evidence before it[.]" *Beamer*, 169 N.C. App. at 599, 610 S.E.2d at 224 (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980)). Thus, the fact that the record contains evidence from which the necessary findings could have been made does not absolve the trial court from the responsibility for actually making the required findings.

As we have previously held, the "failure of the lower court to make findings regarding the reasonable needs of the child[ren] for support mandates remand for further findings of fact." *State v. McGuire*, 174 N.C. App. 347, 351, 620 S.E.2d 899, 902 (2005); *Spicer*, 168 N.C. App. at 294-95, 607 S.E.2d at 686 (holding that the case before the Court should be remanded to the trial court for the making of additional findings of fact

given the trial court's failure to make specific findings concerning the reasonable needs of the child); *Coble*, 300 N.C. at 713, 268 S.E.2d at 189 (holding that, without sufficient factual findings regarding the amount of support necessary to meet the reasonable needs of the child, an appellate court lacks the ability to determine whether the trial court's order has adequate evidentiary support).  As a result, the trial court's order must be reversed and this case must be remanded to the Iredell County District Court for the entry of a new order addressing Plaintiff's request for a deviation from the child support guidelines that contains adequate findings of fact concerning the reasonable needs of the minor children.

## B. Cost of Living Differential

Secondly, Plaintiff contends that the trial court abused its discretion by failing to consider the difference between the cost of living in California and the cost of living in North Carolina.  More specifically, Plaintiff contends that the trial court erred by sustaining Defendant's objection to the admission of evidence that she contends would have reflected this cost of living differential.  Plaintiff's argument lacks merit.

At the hearing held before the trial court, Plaintiff attempted to introduce a document comparing the cost of living in California and the cost of living in North Carolina.  The

trial court sustained Defendant's objection to the admission of this evidence. In her brief, Plaintiff states that she was prepared to elicit evidence that the cost of living in California was substantially higher than the cost of living in North Carolina so that her income had less value in California than would have been the case in the event that she lived in North Carolina. Although "the significance of the excluded evidence must be made to appear in the record" "[i]n order for a party to preserve for appellate review [a challenge to the exclusion of evidence]," *State v. Jacobs*, 363 N.C. 815, 818, 689 S.E.2d 859, 861 (2010) (citation, quotation marks, and brackets omitted), Plaintiff does not appear to have made an offer of proof or taken any other action sufficient to establish the nature of the evidence that she sought to have the trial court consider. As a result, since Plaintiff has not properly preserved her challenge to the exclusion of this evidence for appellate review, she is not entitled to relief from the trial court's order on the basis of this argument.

### C. Extraordinary Expense Adjustment

Finally, Plaintiff contends that the trial court erroneously failed to take certain extraordinary expenses that Plaintiff claims to have incurred into account in establishing the amount of child support that she was required to pay to

Defendant. More specifically, Plaintiff argues that the trial court abused its discretion by failing to treat the travel-related expenses that she incurred in order to visit with the children as extraordinary expenses in the course of calculating the amount of child support that she was obligated to pay to Defendant. We disagree.

## 1. Standard of Review

"The trial court is vested with discretion to make adjustments to the guideline amounts for extraordinary expenses, and the determination of what constitutes such an expense is likewise within its sound discretion." *Doan v. Doan*, 156 N.C. App. 570, 574, 577 S.E.2d 146, 149 (2003) (citing *Biggs*, 136 N.C. App. at 298, 524 S.E.2d at 581). As part of that process, the trial court has the discretion to determine "how the expenses are to be apportioned between the parties." *Mackins v. Mackins*, 114 N.C. App. 538, 549, 442 S.E.2d 352, 359, *disc. review denied*, 337 N.C. 694, 448 S.E.2d 527 (1994). "It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). As a result, we will review the trial court's decision to refrain from adjusting the child support award approved in its prior order to reflect

Plaintiff's visitation-related travel expenses utilizing an abuse of discretion standard of review.

### 2. Validity of Trial Court's Expense Adjustment Decision

According to the child support guidelines, the trial court "may make adjustments for extraordinary expenses and order payments for such term and in such manner as the [c]ourt deems necessary." *Mackins*, 114 N.C. App. at 548, 442 S.E.2d at 358. The "extraordinary expenses [contemplated by the child support guidelines] include . . . [a]ny expenses for transportation of the child(ren) between the homes of the parents." *Id.* at 549, 442 S.E.2d at 359.

At the hearing, Plaintiff testified that the cost of the children's travel between North Carolina and California would amount to approximately $250.00 per month. However, Plaintiff acknowledged that the children had only visited her in California on two occasions between 2010 and 2013 and that the travel cost estimate set out in her testimony was based on the assumption that the children would make three trips to California each year. In addition, Defendant claimed to have spent $4,000 for the purpose of going to California and bringing the children back to North Carolina after Plaintiff's refusal to return them at the conclusion of the 2012 visit. Finally, the trial court absolved Plaintiff of any responsibility for paying

child support during the eight week summer period when the children were scheduled to be with her in California. After thoroughly reviewing the entire record, we are unable to conclude that the trial court's decision to refrain from adjusting the amount of child support that Plaintiff was obligated to pay to Defendant to account for these estimated transportation costs was "so arbitrary that it could not have been the result of a reasoned decision." *Ludlam*, __ N.C. App. at __, 739 S.E.2d at 558.

Although the child support guidelines treat expenses incurred to transport children between their parents' homes as extraordinary expenses that may be utilized to adjust the trial court's ultimate child support award, the trial court is not required to adjust the amount of child support owed by one parent to another solely because one party claims to have incurred or to expect to incur such extraordinary travel expenses. Instead, the extent to which such expenses should be recognized and the manner in which they should be recognized is a matter committed to the sound discretion of the trial court. *Doan*, 156 N.C. App. at 574, 577 S.E.2d at 149; *Mackins*, 114 N.C. App. at 549, 442 S.E.2d at 359. In view of the fact that the record provided a substantial basis for questioning the accuracy of Plaintiff's cost estimate, the fact that both parties appear

to have incurred and absorbed such extraordinary visitation-related expenses, and the fact that the trial court absolved Plaintiff from any obligation to make support payments to Defendant for the eight week summer period during which the children were to be visiting with Plaintiff in California, we are unable to conclude, based on the present record, that the trial court abused its discretion by failing to adjust Plaintiff's support obligation to reflect her estimate of the cost of bringing the children to California to visit with her.

In seeking to persuade us to reach a different result, Plaintiff directs our attention to our decision in *Meehan v. Lawrance*, 166 N.C. App. 369, 602 S.E.2d 21 (2004), in which we held that the trial court's decision to adjust the amount of child support that the defendant was obligated to pay to the plaintiff to account for visitation-related travel expenses did not constitute an abuse of discretion. In making that determination, we concluded that the trial court's extraordinary expense adjustment had sufficient evidentiary support given that the record contained evidence tending to show that the defendant had actually incurred between $300.00 to $500.00 in monthly visitation-related expenses. *Id.* at 384, 602 S.E.2d at 30. The record support for the adjustment that Plaintiff sought in this case was, as we have already noted, much weaker than that at

issue in *Meehan* given that the adjustment amount upon which Plaintiff relied was clearly an approximation and that Plaintiff admitted that her proposed extraordinary expense adjustment assumed a much greater level of visitation-related travel than had actually occurred in the past. In light of this set of circumstances and the fact that the procedural posture before the Court in this case is the exact opposite of the procedural posture in which we were called upon to decide the issue addressed in *Meehan*, *Meehan* does not provide any basis for a decision to overturn the trial court's decision with respect to this issue. As a result, Plaintiff's final challenge to the trial court's order has no merit.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that Plaintiff's challenge to the sufficiency of the trial court's findings of fact relating to the issue of whether Plaintiff's request for a deviation from the child support guidelines should have been allowed has merit and that Plaintiff's remaining challenges to the trial court's order do not. As a result, the trial court's order should be, and hereby is, affirmed in part and reversed in part and this case should be, and hereby is, remanded to the Iredell County District Court for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judges ROBERT N. HUNTER, JR., and DAVIS concur.

Report per Rule 30(e).